IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MELISSA K. HUTSON                                                                 PLAINTIFF

                         v.                          Civil No. 13-3050

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                           DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Melissa K. Hutson, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.   Procedural Background**

Plaintiff applied for SSI on March 21, 2007. (Tr. 63.) Plaintiff alleged an onset date of December 1, 1981 due to bipolar disorder, depression, anxiety, panic attacks, dermatitis, obesity, back and leg pain, heel pain, acid reflux, asthma, restless leg syndrome, insomnia, memory issues, an enlarged liver, and borderline diabetes (Tr. 125, 178.) Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested an administrative hearing, which was held on March 25, 2009 in front of ALJ Monica LaPolt. Plaintiff was present to testify and was represented by counsel. The ALJ also heard testimony from Caroline Case, Plaintiff' mother, as well as Vocational Expert ("VE") Dale Thomas. (Tr. 22, 50.)

At the time of the administrative hearing, Plaintiff was 34 years old, and possessed a seventh grade education. The Plaintiff had no past relevant work experience ("PRW"). (Tr. 27.)

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

On March 18, 2009, ALJ LaPolt concluded that Plaintiff suffered from the following severe impairments: depression, drug/alcohol abuse, status-post leg fracture, and obesity. (Tr. 65.) The ALJ found that Plaintiff maintained the residual functional capacity to perform medium work with frequent postural limitations. "In addition, the claimant is limited to unskilled work, and she can engage in work that involves only incidental interpersonal contact with others consistent with the work performed." (Tr. 70.) With the assistance of the VE, the ALJ determined that the Plaintiff could perform such representative occupations as linen room attendant, a meat clerk, and a kitchen helper. (Tr. 74.)

Plaintiff requested a review by the Appeals Council on August 21, 2009. (Tr. 4.) The Appeals Council declined review on October 4, 2010. (Tr. 1.)  Plaintiff filed her appeal in federal court on November 22, 2010. (ECF. No. 1, Civ. No. 10-3110.)

On February 3, 2012, this Court remanded the case. (Tr. 14.) On remand, the ALJ was directed to send Plaintiff for a consultative evaluation with imaging studies to identify the underlying etiology or Plaintiff's back pain and the full extent of her resulting physical limitations. (Tr. 429.)

On December 4, 2012, an administrative hearing was held in front of ALJ Harold D. Davis. (Tr. 380.) Plaintiff was present to testify and was represented by counsel. The ALJ also heard testimony from VE Sarah Moore. (Tr. 380.) At the time of this hearing, Plaintiff was 38 years old. During the hearing, Plaintiff's attorney noted that Plaintiff had improved and had since returned to work. Therefore, he requested that the case be narrowed to a closed period evaluation from the time of filing on March 21, 2007 to July 1, 2012. (Tr. 387.) The ALJ granted this request and amended the record. (Tr. 387.)

On January 11, 2013, ALJ Davis concluded that Plaintiff suffered from the following severe impairments: mood disorder and chronic low back pain syndrome. (Tr. 364.)  The ALJ found that Plaintiff maintained the residual functional capacity to perform light work, except she can only occasionally bend, stoop, and squat. He further found she is able to "perform work with simple tasks and simple instructions. The claimant can have incidental contact with the public." (Tr. 366.) The ALJ found that she had PRW

of hand packager. With the assistance of the VE, the ALJ determined that the Plaintiff could perform her PRW of hand packager at the light exertional level. (Tr. 375.)

Plaintiff filed her second appeal to federal court on April 17, 2013. (ECF. No. 1.) There does not appear to be any record of an AC response to this request in the certified transcript, therefore the AC did not assume jurisdiction and the ALJ's decision is the final Agency decision in the case. *See* 20 C.F.R. § 404.984. Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 11, 12.)

## II.      Applicable Law

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities

3

which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion

Plaintiff raises two issues on appeal: 1)the ALJ incorrectly weighted the opinions of treating and examining physicians and instead relied on the opinion of a non-examining agency physician; and 2) the ALJ erred in his credibility analysis by noting that no treating physician had assigned any restrictions. (Tr. 15.) Because this Court finds that the ALJ disregarded all of the Physical RFC evaluations in the record, a remand is necessary.

The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001) Therefore, a claimant's RFC assessment "must be based on medical evidence that addresses the claimant's ability to function in the workplace.""An administrative law judge may not draw upon his own inferences from medical reports."*Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000). Instead, the ALJ should seek opinions from a claimant's treating physicians or from

consultative examiners regarding the claimant's mental and physical RFC. *Id.*; *Strongson v. Barnhart,* 361 F. 3d 1066, 1070 (8th Cir. 2004.)

In this case there two Physical RFC's in the record. The first was completed by non-examining Agency physician Dr. Steve Owens on June 18, 2007. This RFC assessed a medium RFC with no additional limitations. (Tr. 223-30, 370.) Primary diagnosis was morbid obesity with a secondary diagnosis of metabolic syndrome. (Tr. 223.) The ALJ gave this RFC little weight based on evidence submitted after the RFC was completed. (Tr. 370.)

The second was completed by consulting examiner Dr. Shannon Brownfield in accordance with the first court remand. This RFC was completed on July 9th , 2012. (Tr. 540.) It assessed moderate to severe limitations on prolonged postures, stooping, lifting and bending. (Tr. 544.) Diagnosis was lower and mid pack pain due to degenerative disease and osteoarthritis, bipolar disorder, and obesity. (Tr. 368, 544.) The ALJ found that this opinion was "more limiting than the objective medical evidence would support," and therefore only incorporated those portions of the RFC that were consistent with the ALJ's determination of Overall RFC.

Thus, after disregarding both Physical RFC opinions, the ALJ is left with no Physical RFC from a treating or examining physician upon which to base his Overall RFC assessment. Given that an ALJ may not rely upon his own inferences from the medical record in assigning an Overall RFC, this requires a remand.

This Court is also puzzled by the lack of an obesity evaluation in the ALJ's opinion, pursuant to SSR 02-1p. Plaintiff alleged obesity in her application. (Tr. 125.) Diagnoses of Plaintiff as overweight, obese, or morbidly obese are pervasive throughout the record. (Tr. 204, 206, 314, 319, 559.) Both physicians who completed RFC assessments also listed morbid obesity or obesity in their diagnosis. (Tr. 223, 544.) ALJ LaPolt found that Plainitff's obesity was a severe impairment. (Tr. 65.)

On remand, the ALJ is directed to order another physical consultative examination. This examination is to include a Physical RFC assessment. The ALJ is also directed to complete an obesity evaluation pursuant to SSR 02-1p.

## IV.     Conclusion

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 4th day of August 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE